**William S. RUTLEDGE,**
**Plaintiff-Appellant,**

v.

**ALUMINUM, BRICK AND CLAY WORKERS INTERNATIONAL UNION; Lawrence A. Holley, et al., Defendants-Appellees.**

**No. 82–7001**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1982.

George C. Longshore, Birmingham, Ala., for plaintiff-appellant.

John C. Falkenberry, Birmingham, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Appellant appeals from the district court's denial of his request for injunctive relief. We affirm.

Rutledge was a regional director of the Southeastern states for the union. He attended a union convention in 1981 as a delegate from his local and during the convention campaigned actively for a presidential candidate who lost the election. The winner, appellee Holley, soon transferred Rutledge from his region to serve as regional director for the west coast. Rutledge alleges that Holley knew that his [Rutledge's] life had been threatened by union members in Los Angeles previously. Rutledge refused the transfer and began picketing the union offices. Holley withdrew the transfer and fired him.

Appellant claimed that appellees violated 29 U.S.C. §§ 411(a)(1) and (2), which guarantee union members the right to freely participate in elections and to express their views about candidates and union business, by transferring and then firing him. He also alleged that the union violated 29 U.S.C. § 411(a)(5) by discharging him without notice of the charges and a hearing. Finally, he contended that he was terminat-

ed without "just cause" as required by the union's constitution. Rutledge asked for declaratory, equitable and injunctive relief and compensatory and punitive damages. After a hearing, the district court denied the request for injunctive relief on the ground that he had not established a likelihood of success on the merits, relying in part upon *Wambles v. Teamsters*, 488 F.2d 888 (5th Cir. 1974).

Denial of a preliminary injunction lies within the discretion of the district court and is reviewable on appeal only for abuse of discretion. *Dallas Cowboy Cheerleaders v. Scoreboard Posters*, 600 F.2d 1184, 1187 (5th Cir. 1979). We find no abuse of discretion, particularly in light of *Finnegan v. Leu*, —— U.S. ——, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982), which recently resolved a conflict among circuits in favor of the position taken by the former Fifth Circuit in *Wambles, supra*. The Court held in *Finnegan* that 29 U.S.C. §§ 411(a)(1) and (2) do not prohibit a union president from choosing a staff loyal to him as long as the union status of those fired remains unaffected. The Court also observed that § 411(a)(5) does not require the union to give notice and a hearing before removing a union officer from his position. The section only applies to the suspension of union membership. —— U.S. at ——, 102 S.Ct. at 1871, 72 L.Ed.2d at 245.

 We agree with the district court that Rutledge is not likely to prevail on his claims after *Finnegan*.[1] The district court's finding that Rutledge's membership in the union has not been revoked by his discharge is supported by the complaint and the evidence. See Record, Volume 1 and 2 and Volume 2 at 91–92. Also, the court's preliminary conclusion that appellant's picketing interfered with the union's legal obligations to provide regional representation seriously enough to outweigh his right of free speech was within the court's discretion.

1. *Finnegan v. Leu, supra*, does not foreclose all claims of retaliatory discharge. *See* —— U.S. at ——, 102 S.Ct. at 1873, 72 L.Ed.2d at 247.

The denial of injunctive relief is AFFIRMED.

However, the facts of this case so closely parallel those in *Finnegan* that Rutledge would have difficulty prevailing on his claims.